UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH B. FLETCHER,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS 911 OPERATORS,<br><br>  Defendant. | Civil Action No. 22-30067-MGM |

ORDER

September 9, 2022

MASTROIANNI, U.S.D.J.

  On May 23, 2022, Plaintiff Kenneth B. Fletcher ("Fletcher"), a resident of Westfield, Massachusetts, initiated this action by filing a *pro se* complaint. (Dkt. No. 1.) Fletcher used the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts. (*Id.*) Named as defendants are the Commonwealth of Massachusetts' 911 operators and Hampden County. (*Id.* at 1 (caption), ¶ I (the parties to the complaint).) Fletcher checked the box indicating "diversity of citizenship" jurisdiction, (*id.* at ¶ II (basis for jurisdiction)) and wrote in the margin that "this form is illegal and misleading [because] the state can't represent [Fletcher] as judge it [because he] is suing them." (*Id.* at p. 4.) For the statement of claim, Fletcher states that "[t]he 911 office is not prosecuting because the abuser is indigent. Not [Fletcher]." (*Id.* at ¶ III (statement of claim).) Fletcher states that the amount in controversy is "one million dollars in United States Currency." (*Id.* at ¶ II(B)(3) (the amount in controversy).) Fletcher seeks "[a] sealing of the 911 report as a matter of illegality in its use against [Fletcher]." (*Id.* at ¶ IV

1

(relief).) The civil cover sheet accompanying the complaint describes the cause of action as "misuse of law enforcement at county level." (Dkt. No. 1-1 at ¶ VI (cause of action).)

With his complaint, Fletcher filed a motion for leave to proceed *in forma pauperis*, (Dkt. No. 3), and he subsequently filed a notice of change of address and numerous other motions. (Dkt. Nos. 4 - 15.) Fletcher also filed exhibits, including copies of a complaint and affidavit that he filed in state court seeking an order to protect himself against harassment by his neighbor and/or roommate. (Dkt. Nos. 5-4, 9-1.) In Fletcher's motion to file, which was entered by the clerk as a motion to amend complaint, Fletcher "petition[s] this court to examine the situation of 911 requiring all persons to call 911 when an altercation exists." (Dkt. No. 12.)

On July 7, 2022, while numerous motions were pending, Fletcher dismissed this action voluntarily. (Dkt. No. 16.) On August 18, 2022, Fletcher filed a motion (Dkt. No. 17) to reopen the case. Plaintiff has filed several additional motions including motions for leave to file and to investigate. (Dkt. Nos. 18 – 22.)

Upon review of Plaintiff's motions,

1. Plaintiff's motion to reopen case (ECF No. 17) is <u>ALLOWED</u>.

2. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is <u>ALLOWED</u>. Because Fletcher is proceeding *in forma pauperis*, the complaint is subject to screening pursuant 28 U.S.C. §1915(e)(2)(B). In connection with this preliminary screening, Fletcher's *pro* se complaint is construed generously. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000).

3. Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). It must afford the defendants a "meaningful opportunity to mount a defense," *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)).

Here, Fletcher's complaint contains minimal factual allegations and fails to comply with Rule 8(a). Rather, the allegations can be found in the numerous motions filed by Fletcher, along with the exhibits. It appears that Fletcher has a dispute with an acquaintance or roommate, Joshua Bard, with whom he had a physical altercation. (Dkt. No. 17-1.) Although the status of the resulting and pending state court action is not entirely clear from the pleadings, it is apparent that the proceeding is criminal in nature, initiated by a complaint filed in the state district court by Mr. Bard, and is on-going. (Dkt. No. 17-1.) This action is therefore barred by the *Younger* abstention doctrine because Fletcher is impermissibly seeking to have this court interfere with an on-going state court proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971); *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 191-92 (1st Cir. 2015) (stating that federal courts must abstain from entertaining suits that seek to interfere with on-going state criminal proceedings). Moreover, Fletcher has not identified any federal claim, nor, since there is no diversity among the parties, any possible basis for federal court jurisdiction. The court, therefore, has no jurisdiction or should abstain from exercising its jurisdiction.

Moreover, in his most recent motion filed on August 30, 2022, Fletcher seeks to have this court investigate and states that he "spoke with a U.S. Marshals Service analyst [who] said that court orders are necessary to bring this in." (Dkt. No. 22.) However, this court does not have the

3

power to initiate an investigation. *See generally In re United States*, 441 F.3d 44, 58 (1st Cir. 2006) (noting that "the federal courts in the American criminal justice system generally do not have the power to act as investigators or prosecutors of misconduct," and that "such powers are usually exercised by the grand jury and the executive branch.").

4. For the foregoing reasons, the remaining motions pending on the docket are DENIED and this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Although the court often affords *pro se* plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,' counsel against most uses of the power to dismiss cases *sua sponte*," *Gonzalez–Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001), because this action is barred by the *Younger* abstention doctrine and there is no basis for federal court jurisdiction apparent in any of Fletcher's filings, this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." *Id.* at 36–37. The Clerk is directed to enter a separate order of dismissal.

It is So Ordered.

/s/ Mark G. Mastroianni  
MARK G. MASTROIANNI  
United States District Judge